*United States District Court, Northern District of Illinois*

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4765 | **DATE** | 7/8/2002 |
| **CASE TITLE** | Trask vs. General Electric Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion for summary judgment is granted. Plaintiff's motion for summary judgment is denied. Defendant's motion to strike is denied as moot. Any pending motion in this case is terminated as moot. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUL 0 9 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | 34 |
| ✓ | Mail AO 450 form. | | 7/8/2002 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| | MPJ courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES TRASK, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 01 C 4765 |
| GENERAL ELECTRIC CO., | ) ) ) | |
| Defendant. | ) ) | |
| | ) | |
| JAMES TRASK, | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 01 C 4766 |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 134, CO., | ) ) ) ) ) | |
| Defendant. | ) ) | |

DOCKETED
JUL 0 9 2002

## MEMORANDUM OPINION AND ORDER

James Trask, who is African-American and over 40, worked for General Electric Co. ("GE") as an appliance repairman in Chicago, Illinois, from 1994 to March 19, 2001, when he was fired. In 1988 and 1991 he received outstanding performance awards from GE. He was a member of IBEW Local 134 (the "union"). On February 9, 2001, he was AWOL for part of the day when he was supposed to be attending an all-day training session at work, and was subsequently given a First Warning Notice and suspension. The Notice stated that he could be fired if he was disciplined again within a year. He

grieved the notice, but the union decided not to press the matter. On March 8, 2001, Kay Wittman, a GE dispatcher told John Clark, the Area Consumer Service Manager, who is white, that Trask had reported a call on March 7, 2001, "closed," meaning that the repair was complete, and that the customer had reported that Trask had cancelled the call and not scheduled a new one, so the repair was not complete. Wittman discovered that another customer had said that Trask had left her home, stating that he needed a part, but did not say when he would return, and Wittman noticed that Clark had not properly entered the call. Wittman followed up by looking up other customers assigned to Trask for the day, and discovered that several had not been "closed out" of the system, thereby receiving fewer calls than he would have otherwise; and that he had not closed out certain calls until later in the day, instead of when he was finished.

Clark relied on Wittman's report, and spoke with Trask. Trask told Clark that this was his standard operating procedure. Clark met with Area Human Resources Director Kim Seymour, who is African-American, and after discussion, Seymour issued a second Warning Notice to Trask. Trask grieved the notice, and at a meeting on March 12, 2001, Seymour explained GE policy, and Trask said that was the way he did things, and that his job was not worth the aggravation. Seymour then asked if that meant he was resigning, and then told him he was terminated. The union accepted the decision.

Seymour sent Trask a letter, with a copy to Clark. The company hired two African-American repairmen in July 2001. Trask, acting pro se, sued GE and the union for race and age discrimination and defamation. All parties move for summary judgment. I grant the defendants' motions and deny his.

Pro se submissions are to be "liberally construed." *Blake v. United States*, 841 F.2d 203, 205 (7th Cir. 1988). However, I am "not to become an advocate" for the pro se plaintiff. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). In order to survive a motion for summary judgment, Trask must show that there are factual issues for trial by providing a statement of the facts as he sees them. Fed. R. Civ. P. 56(c). He must come forward with admissible evidence (in the form of affidavits or parts of the record) such that a reasonable juror, looking at the facts as he presents them, would find in his favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986).

The facts above are taken from the defendants' Local Rule 56.1 statements of material fact because Trask fails to support his denials of specific points with admissible evidence, supported by citations to the record. *Brasic v. Heinemann's Inc.*, 121 F.3d 281, 284 (7th Cir. 1997) (Failure to properly contest "in the [56.1(b)] statement of material facts set out in the movant's [56.1(a)]

statement [ ] constitutes a binding admission of those facts.").[1]

In considering GE's summary judgment motion, I take the facts in the light most favorable to Trask. *Fulk v. United Transp. Union*, 160 F.3d 405, 407 (7th Cir. 1998). In his discrimination count under Title VII or the ADEA, Trask may try to produce direct evidence of discrimination, or proceed under the indirect, burden-shifting method outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Trask suggests that there may be some direct evidence of discrimination, to wit, a comment Seymour made at a meeting in early February 2001, in response to his own statement, "Lord, we are in trouble now." Seymour said, according to Trask, "Yes, you sure may be in trouble." Trask does not strictly offer evidence, that is, a deposition, affidavit, or other sworn testimony that this exchange occurred, but in any case this is not direct evidence of discrimination, "evidence which in and of itself suggests" that someone with managerial authority was "animated by an illegal employment criterion." *Venters v. City of Delphi*, 123 F.3d 956, 972 (7th Cir. 1997). Direct evidence of discrimination does not require an admission of illegal motivation, or "smoking gun," *Sheehan v. Donlen Corp.*, 173 F.3d 1039, 1044 (7th Cir. 1999), but nothing about this remark suggests race based animus – Seymour was herself African-American – or ageist

---

[1] Trask offers some evidence in his own summary judgment motion, but nothing that directly controverts a material fact or could be reasonably construed to do so.

-4-

stereotyping.

Under the indirect evidence approach, Trask must demonstrate that he: (1) belongs to a protected class; (2) performed his job satisfactorily; (3) suffered an adverse employment action; and (4) his employer treated similarly-situated employees outside of his protected class more favorably. *Stockett v. Muncie, Ind., Transit Sys.*, 221 F.3d 997, 1001 (7th Cir. 2000). If the employee does not have an exemplary employment record, he must show that "equally bad employees were treated more leniently by [the employer] if they happened not to be black." *Bush v. Commonwealth Edison Co.*, 990 F.2d 928, 931 (7th Cir. 1993). GE may produce evidence of "a legitimate and nondiscriminatory reason for the employment decision," *Robin v. Espo Eng'g Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000), which Trask must rebut with evidence that GE's stated reason is merely a pretext. *Id.*

Trask's prima facie case fails because his absences, delays, and GE's belief that his reports were false show that he was not performing his job satisfactorily, or, alternatively, that GE had a nondiscriminatory reason to fire him. Trask contends that the calls are closed out by computer, or sometimes the cell phones issued to employees did not work properly, so if the calls were closed erroneously, it was not his fault. However, Trask fails to offer any evidence for these assertions. I might have him swear to the statements, but it would not make any difference. First, GE

would have been within its right to fire him because of his insubordinate and truculent response to his Second Warning Notice, stating that this was his way of doing things, and that the job was not worth the aggravation. Second, Trask fails to raise any doubts about whether GE honestly believed that he had falsified records. The question is not whether the employer's reasons for a decision are "'right but whether the employer's description of its reasons is honest.'" *Kariotis v. Navistar Int'l Transp. Corp.*, 131 F.3d 672, 677 (7th Cir. 1997). The Seventh Circuit qualified this by saying that "a determination of whether a belief is honest is [related to] analysis of reasonableness. After all, the more objectively reasonable a belief is, the more likely it will seem that the belief was honestly held." *Flores v. Preferred Tech. Group,* 182 F.3d 512, 516 (7th Cir. 1999). But nothing Trask says suggests that GE's belief was so unreasonable as to suggest that its belief that he had been falsifying invoices was not honest. Even if the jobs were closed out by computer, GE might still reasonably think that the system provided a fairly accurate reflection of the amount of time spent to do them.

Trask also asserts that all invoices, completed or not, were closed out as completed. He offers no evidence for this either. In both cases he refers me to tabs A-C in his Exhibits to his own Opposing Motion for Summary Judgment, but I have reviewed these exhibits and do not see how they support the propositions for which

-6-

they are offered.

Finally, Trask points to his commendations and good service awards, for which he does offer admissible evidence, to show pretext. I need not reach the question of pretext, as Trask has not established a prima facie case. However, whether I address pretext or consider the awards and commendations as evidence of satisfactory performance, good service awards in past years do not mean that his performance continued to be satisfactory.

Moreover, his prima facie case fails because he cannot show that others outside the protected class were treated worse. He names Ken Jacobson, who is white, and Daniel Custidio, who is Filipino, both of whom were issued warning notices and five day suspensions for falsifying invoices, but not fired. However it is undisputed that in both cases, it was their first offense. Trask was treated the same: he too received a first warning without termination. GE offers evidence that Doug Levine, a white repairman, was fired for falsifying an invoice when he had a prior warning notice in his file.

With respect to his claim of age discrimination, Trask presents no evidence at all that he was treated worse than anyone under 40.

His federal discrimination claims cannot stand. Normally that would mean I lack jurisdiction over his state law defamation claim. "[T]he general rule is that, when all federal claims are dismissed

before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994) (citing 28 U.S.C. 1367(c)). But I may retain a state-law claim "when the correct disposition of the claim is 'so clear as a matter of state law that it can be determined without further trial proceedings and without entanglement with any difficult issues of state law.'" *Id.* at 1252. To prove a claim of defamation, "plaintiff must show that defendant made a false statement concerning plaintiff, that there was an unprivileged publication of the defamatory statement to a third party by defendant, and that plaintiff was damaged." *Cianci v. Pettibone Corp.*, 698 N.E.2d 674, 678 (Ill. App. Ct. 1998). Presumably the termination letter copied to Clark is the communication in question. Here, Trask has not come forward with evidence that the statements in the letter were false. Nor has he offered evidence that the statement was unprivileged, or if privileged, that the privilege was abused.

To determine whether a published statement is privileged, I "look to the occasion itself for the communication and determine as a matter of law and general policy whether the occasion created some recognized duty or interest to make the communication so as to make it privileged." *Kuwik v. Starmark Star Mktg. & Admin., Inc.*, 619 N.E.2d 129, 134 (1993). Three conditionally privileged occasions are recognized: situations that involve (1) some interest

of the person who publishes the defamatory matter; (2) some interest of the person to whom the matter is published or of some third person; and (3) a recognized interest of the public. *Id.* at 135. An internal file copy of a termination letter clearly falls in the first two categories. This case involves facts analogous to those in *Kuwik*, where the statement was then published only to human resource department personnel charged with investigating incidents relating to worker safety. *Id.* at 131. Here Human Resources published the letter to the plaintiff's former supervisor, who clearly had a protected interest in the publication.[2] A qualified privilege can be shown to have been abused if the plaintiff has evidence of "a direct intention to injure [him], or . . . a reckless disregard of [the defamed party's] rights and of the consequences that may result to him. *Id.* at 135. There is no such showing here. Trask's defamation claim must therefore fail.

The union also moves for summary judgment. Trask's response was filed (late) on June 24, 2000. In it, Trask offered a statement of material facts without any admissible evidence attached. If he were to swear to the statement, it would not help; nothing he says indicates that the union failed in its duty of fair representation,

---

[2] If it was a publication at all. Alternatively, because Trask sued only GE here and not the individuals involved, the statement was not "published" to a third party. The statement was properly limited in scope and purpose and was revealed only to proper parties.

or discriminated on grounds of race or age or anything else.

Defendants' motions for summary judgment are GRANTED. Therefore, Plaintiff's motion for summary judgement is DENIED. GE's motion to strike is DENIED AS MOOT.

**ENTER ORDER:**

_____
Elaine E. Bucklo
United States District Judge

Dated: July 8, 2002